```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

BYRON WALKER,

                             Petitioner,

           v.                             CASE NO. 05-3303-RDR

E.J. GALLEGOS,

                             Respondent.

**O R D E R**

     This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241. Petitioner proceeds pro se and submitted the full filing fee.

**Background**

     Petitioner was convicted in the United States District Court for the Southern District of Florida in 1999. He was indicted with seven co-defendants, and his sentence was enhanced based upon a co-defendant's carrying a machine gun. The conviction was affirmed on appeal. <u>United States v. Walker</u>, 194 F.3d 1322 (Table)(11th Cir. 1999). Petitioner unsuccessfully sought review by a motion filed pursuant to 28 U.S.C. 2255 in the district of his conviction.

     In this action, petitioner contends his sentence should be reduced following the decision of the United States Supreme Court

in <u>Castillo v. United States</u>, 530 U.S. 120 (2000).  In <u>Castillo</u>, the Court determined that references in 18 U.S.C. 924(c)(1) to particular firearms define separate, aggravated crimes.  <u>See</u> 530 U.S. at 131.  Accordingly, to convict a defendant under the offenses in section 924(c)(1), the government must charge the use of the specific firearm in the indictment, present evidence to the jury, and prove the commission of the particular crime beyond a reasonable doubt.

Petitioner's claim is, essentially, a challenge to the validity of his sentence.  "A petition under 28 U.S.C. 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).  A petition brought pursuant to 28 U.S.C. 2255, however, "attacks the legality of detention...and must be filed in the district that imposed the sentence."  <u>Id.</u>  (citation omitted).  Section 2255 provides "[t]he exclusive remedy for testing the validity of a judgment and sentence."  <u>Johnson v. Taylor</u>, 347 F.2d 365, 366 (10th Cir. 1965).  Only if the remedy under section 2255 is inadequate or ineffective to test the legality of a prisoner's confinement is a petition under section 2241 appropriate.  <u>See</u> 28 U.S.C. 2255.  However, a prisoner's prior failure to obtain relief in an action under 2255 is insufficient to establish that the remedy is inadequate or ineffective.  <u>Bradshaw</u>, 86 F.3d at

2

166.

Although petitioner asks the court to allow him to proceed under section 2241 because the Tenth Circuit has concluded that the Castillo decision may be applied retroactively,[1] the court finds no basis to allow this action to proceed.  Under the statutory scheme, a challenge to petitioner's sentence must be evaluated by the court in which he was convicted, and petitioner has not established that the remedy under section 2255 is inadequate or ineffective.  The court concludes this matter may be dismissed.

IT IS THEREFORE ORDERED this matter is dismissed and all relief is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 1st day of August, 2005, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[1] See United States v. Wiseman, 297 F.3d 975, 981 (10th Cir. 2002)(finding retroactive application of the Castillo decision on collateral review is available under the principles announced in Teague v. Lane, 489 U.S. 288 (1989)).